IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SHALAINE LAWSON,<br><br>  Plaintiff,<br><br>v.<br><br>FEDERATED RURAL ELECTRIC INSURANCE EXCHANGE, FEDERATED RURAL ELECTRIC MANAGEMENT CORPORATION, JOHN DOES 1-10,<br><br>  Defendants. | CV-23-61-GF-JTJ<br><br><br>MEMORANDUM AND ORDER |

## I.   INTRODUCTION

### A.   Present Motion

On August 7, 2024, Plaintiff Shalaine Lawson filed a Motion for Partial Summary Judgment seeking an order from the court entering judgment in her favor on her claim that Defendants Federated Rural Electric Exchange and Federated Rural Electric Management Corporation (collectively, "Federated") violated Mont. Code Ann. § 33-18-201(4) by refusing to pay her claims without conducting a reasonable investigation based upon all available information. (Doc. 58) Federated opposes the motion. (Doc. 66)

1

## II.     LEGAL STANDARDS

### A. Summary Judgment

The Court will grant summary judgment when the moving party demonstrates both an absence of material fact issues and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial burden of establishing the basis for its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The summary judgment inquiry requires examining the evidence in the light most favorable to the nonmovant. Once the movant has met this initial burden, however, the party opposing the motion "may not rest upon the mere allegations or denials of [her] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Id.*

### B. Montana Law

In a diversity action, the court applies Montana law to all substantive legal issues. *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.,* 306 F.3d 806, 812 (9th Cir. 2002).

## III.    DISCUSSION

Lawson argues that she is entitled to partial summary judgment against Federated for its alleged failure to conduct a reasonable investigation based upon all

available information because Federated has failed to produce a single piece of paper that it ever performed an investigation, or that Max Davis ("Davis"), the counsel Federated retained to represent its insured and Lawson's employer, NorVal, advised Federated that NorVal had defenses to Lawson's sexual harassment and retaliation claims. Lawson further argues that Federated had a continuing duty under the UTPA to evaluate all information as it becomes available. Accordingly, even considering Federated's claim that it relied upon Davis' advice, Lawson argues Federated was put on notice of the insufficiency of Davis' investigation by the numerous adjudicatory events finding liability against NorVal. Lawson cites *Lorang v. Fortis, Ins. Co.*, 192 P.3d 186, ¶ 156 (Mont. 2008), in support of her argument that questions of fact may be determined as a matter of law on summary judgment if reasonable minds could reach but one conclusion on the issue.

Federated argues that Lawson's motion is meritless as it relied upon the investigation conducted by Davis, its well qualified counsel. Federated has filed an Affidavit from Davis in which he states, "From the inception of the claim in 2017 to the date of the Montana Supreme Court decision on liability, I consistently communicated to Federated my belief that Norval possessed a robust and substantial basis to contest the liability assertions of Ms. Lawson." (Doc. 33, ¶ 3). Federated emphasizes that Lawson prevailing at numerous stages in the underlying action is not determinative of Federated's bad faith in this action. Federated urges the Court

to deny Lawson's partial summary judgment motion as it fundamentally misapprehends Montana law and the District of Montana's treatment of claims under Mont. Code Ann. § 33-18-201(4) that are defended by well-qualified defense counsel.

A well-qualified attorney the insurer retains to represent an insured can act on the insurer's behalf to fulfill the investigation obligations Mont. Code Ann. § 33-18-201(4) imposes on the insurer and an insurer is entitled to rely on the investigation unless the insurer has notice the investigation is insufficient.  *McCullough v. Minnesota Lawyers Mutual Ins. Co*., No. CV-09-95-BLG-RFC-CSO (2013); *See Ensey v. Colorado Cas*., 30 P.3d 350, 352 (Mont.2001); *See also* 1 *Insurance Claims and Disputes 5th* § 2:5.

According to the Davis' Affidavit (Doc. 33), he investigated Lawson's claims against NorVal and advised Federated throughout the underlying action his belief that NorVal possessed a robust and substantial basis to contest Lawson's claims and that the evidence of sexual harassment failed to meet the long-established requirements of being severe and/or pervasive.  Lawson contends that Davis' investigation was flawed and unreasonable and one Federated should not have continuously relied upon given the fact that she prevailed time and again against NorVal on liability in the underlying proceedings.

Based upon these conflicting factual assertions, the Court determines there are questions of fact that preclude it from granting Lawson partial summary judgment on her claim that Federated violated Mont. Code Ann. § 33-18-201(4). Whether Federated's investigation of Lawson's claims was a reasonable investigation based upon all available information is a question of fact. Additionally, the issue of whether Federated's continued reliance on Davis' investigation after Lawson's serial successes on liability fulfilled its obligation to reasonably investigate Lawson's claims based upon all available information remains a question of fact as well.

IV. **CONCLUSION**

For the reasons stated above, Lawson's Motion for Partial Summary Judgment (Doc. 58) is **DENIED**.

DATED this 7th day of October 2024.

John Johnston
United States Magistrate Judge